UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4709 PA (KSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Fable Shoes (HK) Co. v. JC Dossier Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None           Attorneys Present for Defendants:  None

**Proceedings:**      IN CHAMBERS—COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants JC Doccies, Inc., Kernel Investments, Inc., and Jennifer Chou (collectively "Defendants") (Docket No. 15). Defendants challenge the sufficiency of the fourth claim for fraud and fifth claim for negligent misrepresentation contained in the First Amended Complaint ("FAC") filed by plaintiff Fable Shoes (HK) Co., Limited ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 22, 2016, is vacated, and the matter taken off calendar.

According to the FAC, Plaintiff, a company organized in Hong Kong and maintaining its principal place of business in China, designs and manufactures shoes, which it sells to distributors internationally. Plaintiff entered into a series of contracts with Defendants between March 2011 and December 2015, in which the parties agreed that Plaintiff would ship shoes to Defendants and that Defendants would pay Plaintiff for the shoes it shipped. Plaintiff alleges that Defendants have failed to pay $666,193.66 that it is owed for past shipments. The FAC contains claims for: (1) breach of contract; (2) goods sold and delivered; (3) account stated; (4) fraud; and (5) negligent misrepresentation.

In support of the fraud and negligent misrepresentation claims, the FAC alleges that in November 2015, when Defendants owed Plaintiff $286,637.36 for goods shipped in September and October 2015, "Daphne," Defendants' representative in Hong Kong, told Plaintiff on November 6, 2015, that Defendants had made arrangements to pay the September invoices. The FAC also alleges that Chou advised Plaintiff on November 13, 2015, that Defendants' customers were slow in paying the Defendants, but that once Defendants were paid, they would immediately pay Plaintiff. After Plaintiff again asked for payment on December 7, 2016, Chou again told Plaintiff on December 19, 2015, that Defendants' customers were slow in paying, and that the goods Plaintiff had previously sold to Defendants were not selling, but that Defendants were in the process of obtaining a bank loan and once the loan issued, Defendants would pay Plaintiff. According to Plaintiff, based on these statements, Plaintiff shipped to Defendants another $380,556.30 in shoes during November and December. Plaintiff alleges that the statements made by Daphne and Chou were false because, by the time Daphne and Chou made the statements, Defendants had already decided to switch suppliers and had no intention of paying Plaintiff the amounts they owed.

In their Motion to Dismiss, Defendants contend that the FAC's allegations do not satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b) for fraud and negligent misrepresentation claims. Specifically, Defendants fault Plaintiff for failing to identify the individual or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4709 PA (KSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Fable Shoes (HK) Co. v. JC Dossier Inc., et al. | | |

individuals representing Plaintiff to whom Daphne and Chou made the allegedly false and misleading statements on November 6 and 13, and December 19.

  For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

  However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

  The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularity as to the circumstances of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4709 PA (KSx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | Fable Shoes (HK) Co. v. JC Dossier Inc., et al. | | |

fraud – this requires pleading facts that by any definition are 'evidentiary':  time, place, persons, statements made, explanation of why or how such statements are false or misleading."  In re Glenfed, Inc. Securities Litigation, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994); see also Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") (citing Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987)).

"To state a cause of action for [intentional misrepresentation (that is, fraud)], a plaintiff must allege '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of  falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1140-1141 (C.D. Cal. 2003) (quoting Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974, 64 Cal. Rptr. 2d 843, 938 P.2d 903 (1997)).  "The elements of a cause of action for negligent misrepresentation are the same as those of a claim for intentional misrepresentation, with the exception that the defendant need not actually know the representation is false.  Rather, to plead negligent misrepresentation, it is sufficient to allege that the defendant lacked reasonable grounds to believe the representation was true." Id. at 1141 (citing B.L.M. v. Sabo & Deitsch, 55 Cal. App. 4th 823, 834, 64 Cal. Rptr. 2d 335 (1997)).  Each of these state causes of action must meet Rule 9(b)'s heightened pleading requirements.  Id. at 1141 (citations omitted).

The Court concludes that the FAC's fraud and negligent misrepresentation claims are alleged with sufficient particularity to satisfy the requirements of Rule 9(b).  Identifying who made the allegedly fraudulent statements, which the FAC does, is far more important than identifying which of Plaintiff's representatives may have heard the statements.  The FAC provides Defendants with sufficient notice of the speaker, date, and substance of the allegedly fraudulent statements.  With that information, Defendants can prepare an adequate answer to the allegations.  See Moore, 885 F.2d at 540.

For all of the foregoing reasons, the Court denies Defendants' Motion to Dismiss.  Defendants shall file their Answer by no later than August 29, 2016.  The Clerk is ordered to issue an Order Setting Scheduling Conference.

IT IS SO ORDERED.